UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
GARY LAMBERT,

         Petitioner,

    - against -

DALE ARTUS, Superintendent

         Respondent.
----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

08 Civ. 4895 (BMC)

**COGAN**, District Judge.

This matter is before the Court on petitioner's § 2254 petition for a writ of *habeas corpus*. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner was arrested on September 24, 2003 for robbing Noel Johnson and attempting to rob Merrell Hollis in the Bedford-Nostrand Avenue subway station of the "G" line. While Hollis was attempting to purchase a Metrocard, petitioner pushed him against a wall, asked if he had anything, and searched his pockets. Meanwhile, petitioner's accomplice blocked Johnson and took his cell phone and forty dollars. Two plainclothes police officers spoke with Hollis and Johnson, and then followed petitioner and his accomplice out of the subway station. The officers arrested petitioner, and recovered Johnson's cell phone from his pants-pocket.

Petitioner was charged with one count each of robbery in the second degree, attempted robbery in the second degree, robbery in the third degree, attempted robbery in the third degree, grand larceny in the fourth degree, attempted grand larceny in the fourth degree, petit larceny, attempted petit larceny, and criminal possession of stolen property in the fifth degree.

At trial, the state presented the testimony of Hollis and Johnson, as well as the arresting officers. On September 27, 2004, the jury convicted petitioner of robbery in the second degree and attempted robbery in the second degree. On October 19, 2004, petitioner was sentenced as a persistent violent felony offender to concurrent prison terms of eighteen years to life for each count.

Petitioner appealed his conviction to the Appellate Division. Petitioner's appellate counsel raised four claims in his brief, and petitioner raised an additional three claims in a supplemental *pro se* brief. On October 2, 2007, the Appellate Division affirmed petitioner's conviction. See People v. Lambert, 44 A.D.3d 688, 843 N.Y.S.2d 173 (2d Dep't 2007). On April 22, 2008, petitioner moved, *pro se*, in the Appellate Division for a writ of error *coram nobis*, claiming that he was denied effective assistance of counsel on direct appeal, for the same reasons argued in the instant petition. On August 19, 2008, the Appellate Division denied petitioner's *coram nobis* motion. See People v. Lambert, 54 A.D.3d 420, 862 N.Y.S.2d 295 (2d Dep't 2008). On November 8, 2008, the New York Court of Appeals denied petitioner's application for leave to appeal from the decision denying his *coram nobis* motion. See People v. Lambert, 11 N.Y.3d 855, 900 N.E.2d 561, 872 N.Y.S.2d 78 (2008). Petitioner timely filed the instant § 2254 petition on December 1, 2008.

## DISCUSSION

In his § 2254 petition, petitioner asserts as his sole ground for relief that he received ineffective assistance of appellate counsel. Petitioner alleges that appellate counsel was ineffective because (1) appellate counsel failed to raise a potential Brady/Rosario claim on appeal and (2) appellate counsel failed to raise the issue of a lack of probable cause to arrest on appeal.

In analyzing these assertions, this Court must determine whether the Appellate Division's decision was contrary to, or an unreasonable application of, Supreme Court precedent, specifically, the ineffective assistance standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). See Williams v. Taylor, 529 U.S. 362, 384-85, 391, 120 S.Ct. 1495 (2000). Under Strickland, the appropriate inquiry is whether petitioner had "reasonably effective assistance" of counsel, such that counsel's actions neither (1) fell below an objective standard of reasonableness nor (2) caused a reasonable probability that the result of the appeal would have been different but for counsel's errors. 466 U.S. at 686-95.

In Smith v. Robbins, the Supreme Court held that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." 528 U.S. 259, 288, 120 S.Ct. 746 (2000) (citing Jones v. Barnes, 463 U.S. 745, 750-54, 103 S.Ct. 3308 (1983)). While it remains possible to bring a claim for ineffective assistance of counsel, appellate counsel's choices with regard to which issues to raise on appeal are "virtually unchallengeable." Archer v. Fischer, No. 05CV4990, 2009 WL 1011591, at *34 (E.D.N.Y. Apr. 13, 2009) (quoting Strickland, 466 U.S. at 690-91). Reviewing courts should give deference to the professional judgment of appellate counsel as to which issues are most promising. Id. (citing Jones, 463 U.S. at 745). As the Second Circuit has explained:

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

3

Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985)).

Appellate counsel's failure to raise the two issues cited by petitioner did not fall below an objective standard of reasonableness, nor did it create a reasonable probability that the result of the case would have been different but for counsel's errors. Petitioner's counsel prepared an extensive brief on his behalf addressing four issues.[1] In Jones, the Supreme Court explained that counsel must be able to present a client's case according to his professional judgment, and "a brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." 463 U.S. at 751-53. The decision to raise certain issues on appeal as opposed to others falls within the discretion of appellate counsel. Here, of the four issues raised by appellate counsel, the Appellate Division determined that the first claim was meritorious and held that the show-up identification testimony of complainants was unduly suggestive and should have been suppressed.[2] The fact that appellate counsel received a positive ruling on one of the issues indicates that he did indeed "support his client's appeal to the best of his ability." Jones, 463 U.S. at 753 (quoting Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396 (1967)).

---

[1] The issues raised included whether: (1) the hearing court erred in denying appellant's motion to suppress the show-up identification testimony because there were no exigent circumstances warranting the use of show-up procedures, and because the actual show-up was unduly suggestive; (2) the evidence was legally insufficient to prove petitioner's guilt beyond a reasonable doubt because the testimony of the two victims was inconsistent and therefore unreliable; (3) the prosecutor committed misconduct by making inappropriate remarks during summation; and (4) the defendant was denied a fair trial because the judge delivered an inappropriate adverse inference charge when he informed the jury that it could infer that the contents of the missing tape recording of Noel Johnson's 911 call "wouldn't have" differed from Johnson's trial testimony.

[2] The Court ruled, however, that any error was harmless given the overwhelming evidence of petitioner's guilt. People v. Lambert, 44 A.D.3d 688, 689, 843 N.Y.S.2d 173 (2d Dep't 2007). With regard to the other claims raised on appeal, the Appellate Division found petitioner's claim regarding the adverse inference charge to be unpreserved for appellate review and the remainder of petitioner's claims, including those raised in his *pro se* brief, to be meritless. Id.

4

Additionally, the issues petitioner claims his appellate counsel should have raised on appeal are not clearly stronger than those that his appellate counsel actually argued. Specifically, appellate counsel's decision not to raise a Brady/Rosario claim regarding the destruction of the 911 tape was reasonable. Even if appellate counsel had raised the Brady/Rosario issue on appeal, a new trial would have been unlikely as the 911 tape had been destroyed. See Jeremiah v. Artuz, 181 F. Supp. 2d 194, 201 (E.D.N.Y. 2002) (citing People v. Haupt, 71 N.Y.2d 929, 930, 524 N.E.2d 129, 528 N.Y.S.2d 808 (1988)). The trial court had already sanctioned the People for the tape's destruction by delivering an adverse inference charge. Appellate counsel attempted to argue that the adverse inference charge given by the trial court was inappropriate; however, the Appellate Division rejected his argument as unpreserved for appellate review. Lambert, 44 A.D.3d at 689 (citing N.Y. Crim. Proc. Law § 470.05[2]). Therefore, the Appellate Division's finding that appellate counsel met the Strickland standard despite his failure to raise a Brady/Rosario claim on appeal was not contrary to, or an unreasonable application of, Supreme Court precedent.

Finally, appellate counsel's failure to raise the issue of a lack of probable cause to arrest petitioner was also reasonable. As an initial matter, "[t]he factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record." People v. Ortiz, 31 A.D.3d 580, 580, 817 N.Y.S. 2d 671 (2d Dep't 2006) (citations omitted). In the present case, the Court conducted a suppression hearing and found that probable cause existed to support petitioner's arrest. Officer Mitchell, one of the arresting officers, testified that he spoke with the victims and learned that they had been robbed of a cell phone and cash. He followed two individuals out of the subway station who had moments earlier left the victims' presence. He detained one of these individuals

– petitioner – frisked him, and found the victim's cell phone in his pocket. Based on this evidence and the great deference given to a hearing court's findings of fact, it is unlikely that an appeal regarding the existence of probable cause to arrest petitioner would have succeeded. Therefore, the Appellate Division's finding that appellate counsel met the <u>Strickland</u> standard despite his failure to raise petitioner's probable cause claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

## CONCLUSION

For the reasons set forth above, the petition is denied. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, I certify that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. 28 U.S.C. § 1915(a); <u>Coppedge v. United States</u>, 369 U.S. 438, 444, 82 S.Ct. 917 (1962). The Clerk of the Court is directed enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
/U.S.D.J/

Dated: Brooklyn, New York
May 1, 2009